UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DOROTHY L. ALEXANDER                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:07CV640 DPJ-JCS

THE BROOKHAVEN SCHOOL DISTRICT
and LEA BARRETT, Superintendent                                                       DEFENDANTS

## ORDER

This employment dispute is before the Court on the joint motion of Defendants the Brookhaven School District and Lea Barrett to dismiss pursuant to Rule 12(b)(6) [16] and Defendant Lea Barrett's individual motion to dismiss based on qualified immunity [14]. The Court, having fully considered the parties' submissions and applicable law, finds that Defendants' joint motion should be granted in part and denied in part. Defendant Barrett's motion to dismiss is granted.

**I.      Facts and Procedural History**

Plaintiff Dr. Dorothy L. Alexander held the position of Assistant Superintendent with the Brookhaven School District ("BSD") from 1987 until 2005. On February 28, 2005, she received notice from BSD Superintendent Lea Barrett that her employment contract would not be renewed for the 2005-2006 school year. Following her discharge, Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of the Right to Sue in August 2007.

Plaintiff filed the current action November 1, 2007 against BSD and Superintendent Barrett in her individual capacity. An amended complaint was then filed alleging causes of action for (1) race-based discrimination in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq*.; (2) retaliation under Title VII; (3) First Amendment retaliation pursuant to 42 U.S.C. § 1983; and (4) unequal pay under the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d). Defendant Barrett filed an individual motion to dismiss based on the qualified immunity doctrine, and both Defendants have moved the Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff conceded that Defendant Barrett cannot be held individually liable for violations of Title VII.

## II.     Analysis

### A.     Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1966) (internal quotation marks omitted)).

B.   Defendants' Joint Motion to Dismiss

1.   *Title VII Discriminatory Discharge*

Plaintiff claims that the non-renewal of her contract was the result of race-based discrimination. To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action, and (4) others similarly situated but outside the protected class were treated more favorably. *Alvarado v. Texas Rangers*, 492 F.3d 605, 612 (5th Cir. 2007). A plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss, but only must allege sufficient facts establishing a plausible claim to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Twombly*, 127 S. Ct. at 1974. Defendants concede that Plaintiff belongs to a protected class and suffered an adverse employment action but argue that the factual allegations of the First Amended Complaint are insufficient to support her claim.

Accepting Plaintiff's averments as true and viewing the facts in the light most favorable to her, the Court finds that she has stated a claim for discrimination. Plaintiff belongs to a protected class; was qualified for her position, having served as an Assistant Superintendent since 1987; suffered an adverse employment action; and alleges that white administrators were treated more favorably. By pleading a prima facie case, Plaintiff has stated a plausible claim for discrimination. Therefore, Defendants' motion to dismiss is denied as to the Title VII discrimination claim.

### 2. Title VII Retaliation

Plaintiff also alleges that Defendant terminated her for opposing its alleged unlawful practices. Absent direct evidence of retaliation, a Title VII plaintiff claiming retaliation must show: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the employment action. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Although Defendants do not dispute that Plaintiff suffered an adverse employment action, they contend that Plaintiff has failed to establish the remaining elements of her prima facie case. As discussed previously, a plaintiff is not required to affirmatively plead the elements of a prima facie case. *See Swierkiewicz*, 534 U.S. at 515.

Plaintiff states that she opposed several of BSD's alleged unlawful practices, including disparate pay between herself and white administrators and discriminatory treatment of African-Americans. Plaintiff further alleges that her "protests were one of the reasons for the non-renewal of her contract." First Amended Complaint ¶ 21. Taking these allegations as true, the Court finds that Plaintiff has stated a claim for retaliation under Title VII.

### 3. First Amendment Retaliation

Plaintiff also contends that Defendants failed to renew her contract because of "actions in reporting [a] teacher's unlawful conduct, and in allegedly speaking to the parents of the involved children." First Amended Complaint ¶ 18. Asserting that her reports and potential testimony in litigation related to the teacher's conduct are protected speech, Plaintiff claims that Defendants'

non-renewal of her contract was a retaliatory action entitling her to reinstatement, back pay, and costs and fees under 42 U.S.C. § 1983.[1]

Traditionally, public employers were permitted to impose restrictive conditions on employment, even when those conditions infringed upon constitutional rights of employees. *See Connick v. Myers*, 461 U.S. 138, 143 (1983). Over time, the Supreme Court altered this rule with respect to First Amendment rights, holding that the First Amendment protects the right of public employees to speak as citizens on matters of public concern. *See Pickering v. Bd. of Ed. of Twp. High Sch. Dist.*, 391 U.S. 563, 568 (1968). However, the Supreme Court recently added a threshold consideration to the analysis, finding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Therefore, to state a claim under § 1983 for retaliation related to protected speech, an employee must prove: "(1) [she] suffered an adverse employment action; (2) [she] spoke as a citizen on a matter of public concern; (3) [her] interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007) (internal quotations and citation omitted). "*Garcetti* instructs that as a matter of law, if the speech was made pursuant to his or her official duties the plaintiff was not deprived of a Constitutional or

---

[1]"Section 1983 provides a cause of action for individuals who have been 'depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws' of the United States by a person or entity acting under color of state law.*" McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (en banc) (citing 42 U.S.C. § 1983 (1994)).

statutory right." *DeVille v. Reg'l Transit Auth.*, No. 07-1345, 2008 WL 20020, at *5 (E.D. La. Jan. 22, 2008).

Under the *Garcetti* standard, Plaintiff's claim cannot survive 12(b)(6) review. Plaintiff never claims that her actions were taken as a citizen. To the contrary, her First Amended Complaint and her response to this motion both state that she was required by law to report the alleged conduct. *See Garcetti*, 547 U.S. at 421 ("Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties . . . ."); *DeVille*, 2008 WL 20020 at *8 (granting motion to dismiss where the plaintiff's communications were part of his official duties); *Williams v. Dallas Ind Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) (extending *Garcetti*'s holding to all activities in the "course of performing one's job"). Although Plaintiff correctly suggests that the speech related to a matter of public concern, this inquiry is secondary to her role at the time she spoke. *See Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008) ("First it must be determined whether the employee's speech is pursuant to his or her official duties. If it is, then the speech is not protected by the First Amendment.") (citation omitted). Therefore, Plaintiff cannot maintain a claim for retaliation based on her alleged report of a teacher's unlawful conduct.[2]

Plaintiff also maintains that BSD's alleged retaliation infringed upon her First Amendment right to testify truthfully. Plaintiff was named as a potential witness in civil

---

[2]In her response, Plaintiff contends that state law provided her with immunity from discharge, citing *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993). However, Plaintiff has not alleged a claim for wrongful termination under state law. Instead, she appears to raise this argument to demonstrate that "Defendant Barrett had no good-faith reason for" failing to recognize that her conduct was protected. Plaintiff's Response at 9. Barrett's motion is discussed *infra*.

litigation related to her investigation, but the action settled prior to trial. The Court concludes that this portion of Plaintiff's § 1983 claim raises legal and factual issues that are not adequately addressed by the parties. For example, does the willingness to testify constitute speech; if so, is the speech undertaken in the course of performing one's job? Defendant may more thoroughly raise this issue in a properly supported motion for summary judgment.

        4.      *Equal Pay Act*

In Count IV of her First Amended Complaint, Plaintiff asserted a claim under the Equal Pay Act, 29 U.S.C. § 206, *et seq.*, claiming that she "was not paid on an equal basis for work she performed, as compared to White male administrators at MSD." First Amended Complaint ¶ 42. Defendants moved to dismiss this count and briefed the issue extensively in their memorandum of law. Plaintiff appears to have abandoned the claim having not defended it her response.[3] *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff abandoned claim by failing to defend it in response to a motion to dismiss). Having failed to defend the EPA claim found in Count IV of the First Amended Complaint, that claim is dismissed.

---

[3] Plaintiff's response contains no argument regarding the pay claim, but it does mention equal pay in the context of establishing protected activity for her retaliation claim. In a section entitled "Retaliation for Complaints About Unequal Pay," she states that "Defendants also terminated her because she opposed practices of the BSD which were unlawful . . . including . . . disparate pay between herself and White administrators." Plaintiff's Response at 9. Her response never substantively addresses Defendant's motion to dismiss the EPA disparate pay claim, and she professes that she has adequately stated "*three* causes of action" against the Defendants, Plaintiff's Response at 10, whereas her First Amended Complaint alleges an EPA pay claim in Count IV.

C. <u>Defendant Barrett's Motion to Dismiss</u>

Defendant Barrett has moved to dismiss all claims against her individually based on the qualified immunity doctrine. In response, Plaintiff conceded that Barrett cannot be held personally liable under Title VII and stated that the only claim alleged "against BSD and Superintendent Barrett [is] for retaliation for first amendment protected expression." Plaintiff's Response at 10. Having determined that Plaintiff's comments and reports are not protected by the First Amendment, the only remaining claim against Defendant Barrett concerns Plaintiff's status as a potential witness.

Qualified immunity shields government officials performing discretionary functions from personal liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McClendon*, 305 F.3d at 322 (internal quotations and citation omitted). The standards for reviewing a motion to dismiss based on qualified immunity are well established and well stated in Defendant Barrett's memorandum of law. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Id*. at 323. Plaintiff failed to meet this burden, having offered only a cursory argument imbedded within her response to BSD's motion.

Even if Plaintiff's right to be listed as a potential witness is constitutionally protected (an issue the Court has not resolved), Plaintiff has failed to demonstrate that such a right was "clearly established," or that Barrett's actions were objectively unreasonable. For a right to be "clearly established" for purposes of qualified immunity, "[t]he contours of the right must be sufficiently

8

clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Plaintiff's only attempt to meet this test is to cite two Mississippi Code sections and *McArn v. Allied-Bruce Terminix Company, Inc.* and then state that "given these statutory and common law protections, Defendant Barrett had no good-faith reason for failing to recognize that Dr. Alexander's . . . status as a witness [was] protected conduct and could not be used as a basis for termination." Plaintiff's Response at 9. The problem is that § 1983 exists to protect federal rights. *See Mitchum v. Foster*, 407 U.S. 225, 242 (1972) (observing that under § 1983, federal courts are "guardians of the people's federal rights"); *McClendon*, 305 F.3d at 333 (Jones, J., concurring) (noting that plaintiff must "state[] a claim for violation of a clearly established federal right"). Plaintiff cites no federal statutes, and the "common law protections" adopted in *McArn* are not constitutional. *See id.* Finally, Plaintiff offered no authority for her argument that a public employee's willingness to testify as to the results of an investigation taken pursuant to her job duties amounts to a clearly established constitutional right. Nor has she offered a response to the other portions of Barrett's well-supported motion. The motion is granted.

## III. Conclusion

For the foregoing reasons, the Court finds that Defendants' motion to dismiss is granted in part and denied in part, as explained in this order. Defendant Barrett's individual motion to dismiss is granted.

**SO ORDERED AND ADJUDGED** this the 28th day of January, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE